JS 44C/SDNY
REV.
10/01/2020

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
RAINI OTTO

**DEFENDANTS**
NIELSEN HOLDINGS, INC., MARK KILFOIL and DAVID FAULKNOR

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
THE MANDEL LAW FIRM
370 Lexington Avenue
New York, New York 10017 Telephone: (212)697-7383

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Sexual Assault, Sexual Harrassment 28 U.S.C. §1332(a)(2)

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☑ Yes ☐   Judge Previously Assigned

If yes, was this case Vol. ☐ Invol. ☐ Dismissed. No ☐ Yes ☐ If yes, give date _____ & Case No. _____

Is this an international arbitration case?   No ☒   Yes ☐

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

**TORTS**                                                                          **ACTIONS UNDER STATUTES**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[x] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS   [ ] 880 DEFEND TRADE SECRETS ACT
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**ACTIONS UNDER STATUTES**
**CIVIL RIGHTS**
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000,000.00   OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)  **ORIGIN**

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
    [ ] a. all parties represented
    [ ] b. At least one party is pro se.
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge
[ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)  **BASIS OF JURISDICTION**  *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [X] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [X]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

140 Riverside Blvd. Apt 1526
New York, NY 10069
New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Nielsen 675 Sixth Avenue, New York, NY 10010, New York County
David Faulknor 675 Sixth Avenue, New York, NY 10010, New York County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Mark Kilfoil Halifax, Nova Scotia, Canada

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [X] MANHATTAN

DATE 2/3/2023    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. _8_ Yr. _2011_)
Attorney Bar Code # BD1105

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**Clear Form**    **Save**    **Print**

Bryan J. Brockington, Esq.
bbrockington@mandellawfirm.com
THE MANDEL LAW FIRM
370 Lexington Avenue
New York, New York 10017
Telephone: (212)697-7383
Facsimile: (212) 682-6157
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAINI OTTO,

                *Plaintiff,*          CIV. NO.

   -against-                       JURY TRIAL DEMANDED

NIELSEN HOLDINGS, INC., MARK KILFOIL and
DAVID FAULKNOR,

              *Defendants.*
------------------------------------------------------------------X

## COMPLAINT

This is a case about a young woman who recently moved to New York City where she found a job with a well-known company, who was then sexually assaulted and harassed by her supervisor, and the senior employee present did nothing to stop it.

Plaintiff, MS. OTTO, ("MS. OTTO" or "PLAINTIFF"), by and through her attorneys, The Mandel Law Firm, as and for her complaint against defendants NIELSEN HOLDINGS, INC., ("NIELSON"), MR. KILFOIL ("MR. KILFOIL") and DAVID FAULKNOR, ("MR. FAULKNOR"), alleges as follows upon knowledge with respect to herself and her own acts upon information and belief as to all other matters:

### PARTIES

1.    MS. OTTO is a citizen and resident of the State of New York and resides in New York County.

2. Defendant, NIELSEN upon information and belief, is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 675 6th Avenue New York, New York.

3. Defendant, MR. KILFOIL, was an employee of Defendant NIELSEN, and was and is a citizen of Canada in the province of Nova Scotia.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1343(a)(1) and 28 U.S.C. §1332(a)(2), because Plaintiff asserts civil rights claims against Defendants under federal law, specifically the 29 C.F.R. § 1604.11. This court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.

5. Defendants are subject to the personal jurisdiction of this Court because they are located within the Southern District of New York, transact business within the Southern District of New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. MS. OTTO was employed by the defendant NIELSEN on November, 2021 as a Program Manager.

8. Plaintiff received good evaluations, and was generally advised by superiors that she was doing a good job.

9. In May of, 2022, plaintiff was tasked with planning events for a three-day summit for NIELSEN employees scheduled to take place from May 2 through May 5, 2022. The summit included employees from all over the world, but primarily from the United States and Canada.

10. A happy-hour event was scheduled for May 4, 2022 from 6:00PM to 9:30PM at the Sand Bar Restaurant, located on the Roof Top of Hilton Hotel located at 152 W. 26th Street, New York, NY 10001. MR. KILFOIL was present at the happy hour and it was the second time he met MS. OTTO in

person, the first time being the previous day May 3, 2022 at the NIELSEN offices in New York. There were approximately 25 employees at the NIELSEN sponsored happy-hour event.

11.  While at the Sand Bar, defendant MR. KILFOIL, a superior of MS. OTTO, engaged in a pattern of sexual banter, flirtation, innuendo, comments, jokes, requests, and other forms of behavior, creating a polluted and hostile atmosphere.

12.  MS. OTTO, at approximately 9:45PM put on her jacket and gathered her belongings and was preparing to leave the Sand Bar when MR. KILFOIL and MR. FAULKNOR, the most senior NEILSEN employee present at the event, pressured plaintiff to stay and to continue drinking with them, even though by that time most of the employees had left the event.

13.  At approximately 10:00PM MR. KILFOIL followed MS. OTTO, to an isolated section of the Sand Bar, where he attempted to kiss her on the mouth.

14.  MS. OTTO, at approximately 10:15PM, again prepared to leave the Sand Bar, but was again pressured by MR. KILFOIL and MR. FAULKNOR to attended Sid Golds Bar across the street from the Sand Bar with approximately six other employees.

15.  MR. KILFOIL escorted MS. OTTO into Sid Golds and took seat at the bar next to her while MR. FAULKNOR sat on the opposite side of her.

16.  MR. KILFOIL ordered plaintiff an alcoholic drink and then began talking directly into her left ear wherein he began repeating over and over again, "I want to fuck you."

17.  Other NEILSON employees seeing the expression on MS. OTTO's face, came over and advised her that she should leave, at which point an employee loaned her a NEILSON corporate card to pay for a cab to go home.

18.  MR. FAULKNOR, who was seated directly next to plaintiff, did not at anytime intervene.

19.  As a result of the wrongful acts committed by defendants NEILSON, MR. KILFOIL and MR. FAULKNOR, plaintiff MS. OTTO was subjected to sexual abuse as defined by New York Penal Code Article 130 as a result of being placed into a position of weakness and vulnerability.

## FIRST CAUSE OF ACTION AGAINST NEILSON
### (Negligent Hiring)

20. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

21. At all times alleged herein, MR. KILFOIL and MR. FAULKNOR were employees of NEILSON, and were in an employer-employee relationship with NEILSON.

22. Defendant NEILSON owed all its employees, including MS. OTTO, a duty of care to perform the requisite screening of staff in order to hire competent and morally fit employees.

23. NEILSON owed its employees, including MS. OTTO, a duty of care to perform screening of staff in order hire employees who were competent and morally fit to work at NEILSON.

24. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR as set forth above were committed in connection with NEILSON functions and events.

25. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe emotional harm to MS. OTTO that continues to this day.

26. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent hiring of the staff of NEILSON.

## SECOND CAUSE OF ACTION AGAINST NEILSON
### (Negligent Training)

27. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

28. NEILSON owed its employees, including MS. OTTO, a duty of care to train staff members to ensure that those staff members were competent and morally fit to work in close proximity to other employees.

29. NEILSON, a for profit company should have known that a failure to do so would result in the sexual abuse of employees, including the sexual abuse of MS. OTTO, as set forth above.

30. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe emotional harm to MS. OTTO that continues to this day.

31. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe physical and emotional harm to MS. OTTO that continue to this day.

32. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent training of the faculty and staff of NEILSON.

## THIRD CAUSE OF ACTION AGAINST NEILSON
### (Negligent Supervision)

33. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

34. NEILSON owed its employees, including MS. OTTO, a duty of care to properly supervise its staff to safeguard its employees from sexual abuse.

35. NEILSON, a for profit company should have known that a failure to do so would result in the sexual abuse of employees, including the sexual abuse of MS. OTTO, as set forth above.

36. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe emotional harm to MS. OTTO that continues to this day.

37. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe physical and emotional harm to MS. OTTO that continue to this day.

38. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent supervision of the faculty and staff of NEILSON.

## FOURTH CAUSE OF ACTION AGAINST NEILSON
### (Negligence)

39. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

40. NEILSON owed its employees, including MS. OTTO, a duty of care to ensure that its faculty was competent and morally fit to work with others.

41. NEILSON owed its employees, including MS. OTTO, a duty of care to ensure its staff members were competent and morally fit to work in close proximity to its minor employees.

42. The wrongful acts committed by the staff of NEILSON, as set forth above were committed in connection with company functions and events.

43. The wrongful acts committed by the staff of NEILSON, as set forth above were the proximate cause of severe psychological and emotional harm to MS. OTTO that continues to this day.

44. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent failure to safeguard MS. OTTO from sexual abuse committed by the staff of NEILSON.

## FIFTH CAUSE OF ACTION AGAINST NEILSON, MARK KILFOIL AND DAVID FAULKNOR
### (Negligent Infliction of Emotional Distress)

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

46. In failing to prevent the acts of sexual abuse of MS. OTTO committed by its staff, including MR. KILFOIL and MR. FAULKNOR, NEILSON acted in blatant disregard of the high degree of probability of the severe emotional distress and psychological l harm that MS. OTTO would directly suffer.

47. The failure of NEILSON to safeguard MS. OTTO from sexual abuse committed by the staff of NEILSON was outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

48. The failure of NEILSON to safeguard MS. OTTO from sexual abuse committed by the staff of NEILSON proximately caused MS. OTTO to directly suffer severe physical harm and emotional distress.

49. Based on the above, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent infliction of emotional distress.

**WHEREFORE**, Plaintiff, MS. OTTO, demands the following relief against Defendants jointly and severally:

A. Compensatory damages in an amount to be determined by jury at the time of trial;

B. Punitive damages in an amount to be determined by jury at the time of trial;

C. Attorneys' fees, costs and interest; and

D. Such other and further relief as this Court deems just and proper.

Dated: February 3, 2023

Respectfully submitted

Bryan J. Brockington, Esq.
bbrockington@mandellawfirm.com
THE MANDEL LAW FIRM
370 Lexington Avenue
New York, New York 10017
Telephone: (212)697-7383
Facsimile: (212) 682-6157

*Attorneys for Plaintiff*